# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| Lester McGrone, | ) |
|     Movant, | ) |
| vs. | ) No. 06-0305-CV-W-FJG |
| | ) Crim. No. 00-0094-01-CR-W-FJG |
| United States of America, | ) |
|     Respondent. | ) |

## ORDER

Pending before this Court is movant's motion pursuant to 28 U.S.C. 2255 to vacate, set aside, or correct his sentence (Doc. #1), filed April 7, 2006. The Court finds that it has jurisdiction over this matter.

Defendant entered a conditional plea on July 10, 2000, preserving his right to appeal this Court's ruling denying his motion to suppress evidence and statements. Thereafter, on December 1, 2000, defendant was sentenced to a term of imprisonment. Defendant timely filed an appeal to the Eighth Circuit Court of Appeals who subsequently issued a *per curiam* decision affirming this Court's denial of defendant's motion to suppress, *United States v. McGrone*, 15 Fed.Appx. 392 (8th Cir. 2001) (unpublished). On July 1, 2002, the Court of Appeals denied defendant's motion for rehearing. Defendant had 90 days from the date of the denial of his appeal to file a petition for writ of certiorari. *Gonzalez v. Crosby*, 545 U.S. 524, 125 S.Ct. 2641, 2651 (2005). None was filed and defendant's judgment of conviction became final on October 1, 2002.

Movant alleges that the Court committed reversible error when it sentenced defendant. The government has responded that movant's motion is untimely. Effective April 24, 1996, persons seeking relief under 28 U.S.C. § 2255 have a one-year period of limitation from the date on which their judgment is final, in which to file a § 2255 motion. See Clay v. United States, 123 S.Ct. 1072, 1075 (2003); 28 U.S.C. § 2255(1); Abdullah v. United States, 240 F.3d 638 (8th Cir. 2001); Moore v. United States, 173 F.3d 1131, 135 (8th Cir. 1999) (The "prison mailbox rule" is applicable in the one-year limitation computation). Here, that one year period of limitation ran from the time the

judgment of conviction became final on October 1, 2002. Movant did not file his § 22.55 motion until April 7, 2006, or more than three years after that date. For the aforesaid reason, this motion is barred by the one year limitation and must be denied.

The Court will not issue a certificate of appealability in this matter. A certificate of appealability will be issued only if petitioner makes a substantial showing of the denial of a constitutional right and has indicated which specific issue or issues satisfy the showing required has been made. 28 U.S.C. § 2253(c)(2) and (3). Additionally, "the petitioner 'must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.'" Randolf v. Kemna, 276 F.3d 401, 403 n.1 (8th Cir. 2002) (quoting Barefoot v.Estelle, 463 U.S. 880, 893 n.1 (1983)) (alteration in original). Although this may be referred to as a "modest standard," id. (citing Charles v. Hickman, 228 F.3d 981, 982 n.1 (9th Cir. 2000)), movant has failed to meet this burden.

JUDGMENT

Upon review of movant's 28 U.S.C. § 2255 motion (Doc. # 1) and the government's response, the Court hereby denies movant's request to vacate, set aside or correct the sentence herein. The Court believes the arguments set forth by the respondent present a thorough legal and factual analysis and adopts respondent's analysis and conclusions as its own by reference hereto.

For the aforesaid reasons movant's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. #1), filed April 7, 2006, is hereby denied. The Court further finds that the issues presented by movant are resolvable by the record and, therefore, no evidentiary hearing will be granted.

/s/Fernando J. Gaitan, Jr.
Fernando J. Gaitan, Jr.
United States District Judge

Dated: August 29, 2006
Kansas City, Missouri